IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALICIA BROWN, A.B.[1] | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. DKC-19-1983 |
| BALTIMORE COUNTY, MARYLAND, KRISTY CACERES, Individually and in her capacity as Court Appointed Evaluator, MARY STENGAL, Individually and in her Official capacity as Head of Family Division in Baltimore County, and DURRELL WILLIAMS, | * * * * * | |
| Defendants | | |

**MEMORANDUM OPINION**

Alicia Brown, a resident of Baltimore County, Maryland, seeks declaratory and injunctive relief mandating that her juvenile records be excluded from custody proceedings involving Brown and Durrell Williams.[2] ECF No. 1 at 10. Brown also seeks $1,000.000.00 in damages from Williams and $2,800,000.00 from Baltimore County and Kristy Caceres and Mary Stengal, who

---

[1] Federal courts uniformly do not allow parents, guardians or next friends to appear without legal representation on behalf of a minor or incompetent person. *See Wenger v. Canastota Central Sch. Dist.*, 146 F.3d 123, 124 (2nd Cir. 1998), overruled on other grounds; *Devine v. Indian River Sch. Bd.*, 121 F. 3d 576, 581-82 (11th Cir. 1997), overruled on other grounds; *Johns v. San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Meeker v. Kercher*, 782 F.2d 153, 154, (10th Cir. 1986). This prohibition is designed to protect the interests of the minor or incompetent person from being compromised by one who lacks the legal training necessary adequately to protect them. It also recognizes that lay persons are not bound by the same ethical obligations placed upon lawyers. *See Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168, 172 (E.D. Va. 1994).

[2] That case, *Williams v. Brown,* Family Circuit Court case no. 03-C-16-00619 (Balt. Co. Cir. Ct.), filed on June 22, 2016, currently is on appeal. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId (last reviewed July 19, 2019).

have played a role in the evaluation process made part of the resolution of a custody battle involving the minor child "A.B."[3]

This case is not Brown's first attempt to invoke federal court oversight of her child custody dispute. In *Brown, et al. v. Baltimore County, Maryland, et al.,* Civil Action No. JKB-19-1772 (D. Md.), Brown sought to remove Baltimore County Circuit Court Judge Kathleen Cox[4] by invoking the Third, Fourth, and Fourteenth Amendments to the United States Constitution and the civil rights statute, 42 U.S.C. § 1983 as the bases for subject matter jurisdiction. *Id.,* ECF No. 1 at 10-11.[5] Brown alleged that Defendant Cox refused to recuse herself from child custody proceedings between Brown and Durrell Williams despite a conflict of interest and following a trial awarded custody to Williams, an alleged abuser. ECF No. 1 at 4-7. On July 9, 2019, the Honorable James K. Bredar dismissed the lawsuit for lack of subject-matter jurisdiction, while also noting that judicial officers are immune from liability for judicial acts and invoking the *Rooker-Feldman*[6] [abstention] doctrine. *Id.,* ECF No. 2, Order of July 9, 2019.

---

[3] The Court notes that custody was awarded to Williams. *See Williams v. Brown,* Case No. 03-C-16-006617 (Balto. Co. Cir. Ct.), docket entry of January 31, 2019.

[4] Brown makes no specific claims of misconduct on the part of Baltimore County other than to state that "the Baltimore County government developed and maintained policies and/or customs exhibiting deliberate indifference to the Constitutional rights of United States citizens, which caused the violations of [Brown's] rights" by failing to "adequately monitor and identify misconduct" of Defendant "Caceres and Court officials involved in such unlawful actions." ECF No. 1 at 9.

[5] In the previous proceeding, an individual identified as "Civil Rights Activist John Barnett" appeared to have filed the action on behalf of Brown and her daughter.

[6] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Having determined that the instant lawsuit derives from Brown's custody case, this court must examine whether federal jurisdiction permits adjudication of her claims. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 599 U.S. 77, 95 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.,* 545 U.S. at 552; 28 U.S.C. § 1331. *See also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . ."). This is sometimes called federal question jurisdiction. Furthermore, under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367 does not create an independent basis for jurisdiction. Rather, § 1367 allows for a court to exercise supplemental jurisdiction over state law claims, but only where the complaint also pleads related federal claims.

Brown claims her juvenile court record was divulged by Defendant Caceres during Brown's child custody proceedings, in violation of Maryland law.[7] This misconduct does not confer federal jurisdiction. However, Brown also invokes the federal wiretapping law, 18 U.S.C. § 2510 *et seq.*,[8] claiming that telephone conversations recorded without her knowledge by Defendant Williams were improperly used during those custody proceedings.[9] ECF No. 1, p. 3, 6. Brown also claims Caceres sent Brown's juvenile record to Williams and other undisclosed individuals via email, which Williams provided to Brown's employer, leading to the termination of Brown's security clearance and employment as a government contractor. ECF No. 1, p. 8.

Brown, a private citizen, lacks a judicially cognizable interest in any criminal prosecution that might be invoked under the wiretapping law. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). Further, the statute is designed to protect against "interception" of wire and electronic communications affecting interstate or foreign communication or commerce, not telephone recordings and emails between parents embroiled in a custody dispute.

---

[7] Brown seeks to impose supervisory liability on Defendant Stengal and the Baltimore County government for failure to monitor and stop Caceres' allegedly improper conduct.

[8] In addition to criminal penalties, the statute provides a mechanism for relief, including injunctive relief and recovery of civil damages, against a person or entity in certain limited circumstances. *See* 18 U.S.C. § 2520(a) and (b).

[9] Brown also lists various federal statutes, without elaboration, including the Privacy Act of 1974 (5 U.S.C. § 552(a), the E-Government Act of 2002, the Federal Information Security Modernization Act of 2014, 44 U.S.C § 3551 *et seq.,* the Information Technology Management Reform Act of 1996, the Freedom of Information Act of 1966, 5 U.S.C. § 552(c)(c) and (c)(7)(C), the Paperwork Reduction Act of 1995, 44 U.S.C. § 3501 *et seq.,* the Children's Online Privacy Protection Act of 1998, the Fair Credit Reporting Act of 1970, 15 U.S.C. § 1681(a), and an Executive Order concerning classification of national security information. ECF No. 1 at 5. This fails to establish the existence of a federal question.

In the civil cover sheet accompanying this action, Brown checks "other civil rights" and "personal injury/assault, libel & slander" as the bases for her claims.[10] ECF No. 1-1. As noted in *Brown, et al. v. Baltimore County, Maryland, et al.,* Civil Action No. JKB-19-1772, the federal court must abstain from intervening in Brown's custody case. Simply put, federal question jurisdiction is absent in this case.

One other avenue of subject-matter jurisdiction must be examined. A dispute over damages caused by assault, libel and slander are state tort claims, and do not provide a basis for federal question jurisdiction, unless diversity jurisdiction is present. Congress "has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.,* 545 U.S. at 552; *see* 28 U.S.C. § 1332. However, diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of *every* plaintiff must be different from the citizenship of *every* defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (emphasis added); *see Strawbridge v. Curtiss,* 7 U.S. 267 (1806). Here, at least two of the individuals/entities named in the complaint, Defendants Williams and Baltimore County, are in Maryland, as is Plaintiff, defeating diversity jurisdiction.

Without a jurisdictional basis for suit, Brown's lawsuit is legally frivolous. Such lawsuits are subject to dismissal pursuant to the court's inherent authority, even where, as here, the plaintiff has paid the filing fee. *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc.*

---

[10] Section 1343 also does not create a federal cause of action, but instead grants federal courts original jurisdiction over certain types of suits concerning the deprivation of civil rights. Other than citing § 1343 and checking a box on the civil cover sheet, Brown provides no details supporting such claim.

*Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same).  The federal rules required dismissal any time there is a determination there is no jurisdiction.  *See* Fed.R.Civ.P.12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506-07 (2006).  Such dismissal is appropriate here, given the lack of federal subject-matter jurisdiction.  A separate Order follows.


September 16, 2019                                             /s/
                                                                        DEBORAH K. CHASANOW
                                                                        United States District Judge